UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL BEILMAN,

                              Plaintiff,

                                                                                       **Hon. Hugh B. Scott**

                              v.

                                                                                       07CV412C

NIAGARA FRONTIER TRANSPORTATION                    **Order**
AUTHORITY,

                              Defendant.

Before the Court is plaintiff's pro se motions for summary judgment (Docket No. 36) and renewed application for appointment of counsel (id.; Docket No. 30; see also Docket Nos. 32 (plaintiff's letter to Pro Se Clerk regarding, among other things, his pending requests for appointed counsel), 8 (plaintiff's initial motion), 9 (plaintiff's supporting papers), 11 (Order denying initial motion without prejudice), 12 (minute entry from Apr. 15, 2008, regarding plaintiff's request to reconsider denial of counsel), 15 (Order denying reconsideration of denial of appointment)). On May 13, 2009, this case was referred to the undersigned for pretrial matters and for consideration of dispositive motions (Docket No. 38). Subsequent to this referral, defendant filed its motion for summary judgment (Docket No. 39).

I.      Summary Judgment Motion

In support of his motion for summary judgment, plaintiff submits a single page motion with an attached affidavit from a Niagara Frontier Transportation Authority employee and potential witness (Docket No. 36), but did not include a statement of material facts not in dispute as required by this Court's Local Civil Rules, W.D.N.Y. Loc. Civ. R. 56.1(a), (d) (each statement

of material fact must be followed by citation to admissible evidence, as required by Fed. R. Civ. P. 56(e)), or an affidavit and memorandum of law in support of the motion, W.D.N.Y. Loc. Civ. R. 7.1(e). Attached is an Irby notice, see Irby v. New York City Transit Authority, 262 F 3d 412 (2d Cir. 2001). Rather than dismiss the motion (and seeing that no Scheduling Order was entered in this case), this Court will enter a briefing schedule to allow plaintiff to supplement its pending motion, as well as set briefing for defendant's pending summary judgment motion.

Motions (including supplemental moving papers from plaintiff) shall be filed no later than **June 30, 2009**. Defendant's initial moving papers appear to be complete, but if defendant has any additional materials it wants submitted, it also has until **June 30, 2009**, in which to do so. Responses to the pending dispositive motions shall be filed on or before **July 30, 2009**. Replies, if any, shall be filed on or before **August 13, 2009**, and shall be deemed submitted, without oral argument, unless the Court determines (upon review of the moving papers) that argument would be necessary.

II.     Application for Appointment of Counsel

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. See In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1986). The factors to be considered in deciding whether or not to assign counsel are set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986). Counsel may be appointed in cases filed by indigent plaintiffs where it appears that such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the litigant has made "a

threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989). When the Court appoints counsel, it is not the counsel of the applicant's choice or even of the caliber desired by the applicant.

The Court has reviewed the facts presented herein in light of the factors required by law. Based on this review, plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE AT THIS TIME**.

It remains the plaintiff's responsibility to retain his own attorney or to press forward with his lawsuit pro se. 28 U.S.C. § 1654.

## CONCLUSION

For the reasons stated above, motions (including supplemental papers for plaintiff's pending summary judgment motion, Docket No. 36) are due **June 30, 2009**. Responses to the pending dispositive motions shall be filed on or before **July 30, 2009**. Replies, if any, shall be filed on or before **August 13, 2009**, and shall be deemed submitted, without oral argument, unless the Court determines (upon review of the moving papers) that argument would be necessary.

Plaintiff's renewed motion for appointment of counsel (Docket Nos. 30, 36) is **denied without prejudice at this time**.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
May 20, 2009

Attach.: Irby Notice